CREDIT & FINANCE CORP. LTD., Crescent Diversified Ltd., Mike Felkay, Glenhaven Ltd., Abraham Israeloff, Phyllis Israeloff, Clara E. Kellner, George A. Kellner, Carl B. Menges, Nat Miller Associates, Elizabeth B. Mott, Pimlico Associates, Polytechnic Organisation Ltd., Fred R. Nederlander, Elmer G. St. John, M. D., Margaret W. St. John, Sogo Sosha Limited, Samuel M. Stayman and Alfred Rand, as Agents for Star Investors, Wendy Jesser Stowe, Robert Winthrop, Jerry Roland and Donaldson, Lufkin & Jenrette, Inc., Plaintiffs,

v.

WARNER & SWASEY COMPANY and Ranco Incorporated, Defendants.

79 Civ. 4523 (WK).

United States District Court, S. D. New York.

May 27, 1981.

On Motion to Reargue July 6, 1981.

---

Silverman & Harnes by Sidney B. Silverman, New York City, for plaintiffs.

Simpson, Thacher & Bartlett by Whitney North Seymour, Jr., New York City, for defendant Ranco; John F. Cambria, New York City, of counsel.

## MEMORANDUM AND ORDER

### WHITMAN KNAPP, District Judge.

In its opinion reversing our original judgment (486 F.Supp. 101) dismissing the amended complaint as against defendant Ranco Incorporated ("Ranco"), the Court of Appeals, speaking through Friendly, C. J.

(638 F.2d 563), directed the taking of limited expedited discovery, at the conclusion of which "it may well be that ... Ranco will be in a position to move successfully for summary judgment." *Id.* at 567. Such discovery having been completed, Ranco's motion for summary judgment is now before us, and is denied.[1]

It will be remembered[2] that in the July 16 press release, Ranco explained the decision of its board of directors to reject the Warner & Swasey ("W&S") offer by stating, among other things:

"[T]he Board questioned the compatibility of the two companies and the *credibility* of Warner & Swasey's management in view of the agreement that has been in effect with Ranco since September 1978 and *assurances* received from Warner & Swasey's management during that time." (Emphasis supplied.)

With respect to this statement, Judge Friendly observed (638 F.2d at 566–67):

"A reader of this release could reasonably interpret it as suggesting that Ranco was indeed expecting a hostile tender offer... Actually the sentence [quoted above] is Janus-faced, with the 'credibility' reference suggesting a hostile tender offer and the 'assurances' phrase the contrary. Perhaps the peculiar language of the release was mere inadvertence."

The evidence before us raises a genuine issue of fact as to whether the language in question was indeed "mere inadvertence", or whether it was deliberately designed to give the impression that a hostile tender offer was anticipated. A jury could permissibly conclude that Ranco desired to give such an impression in order to support the price of its stock, and thus encourage Vor-

---

1. Ranco also moves to dismiss the amended complaint for lack of standing. The purported ground for this motion—that Rule 10b–5 was not intended for the protection of sophisticated persons such as arbitrageurs—was disposed of in our original opinion (486 F.Supp. at 104–05). We there observed:

   "It is well established that 'the securities laws do not distinguish between sophisticat-

ed and unsophisticated investors....' *In re Scientific Control Corp. Securities Litigation* (S.D.N.Y.1976) 71 F.R.D. 491, 512. Specifically, 'sophisticated investors, like all others, are entitled to the truth.' *Stier v. Smith* (5th Cir. 1973) 473 F.2d 1205, 1207."
   This motion is accordingly denied.

2. Familiarity with our original opinion and that of the Court of Appeals is assumed.

werk to purchase W&S's Ranco stock at a price acceptable to W&S.[3]

We need consider no other question. The motion for summary judgment must be, and is, denied.

A conference is set for Tuesday, June 30, 1981 at 9:30 a.m. in Courtroom 619, at which time counsel for all parties shall be prepared—after full discussion among themselves—to suggest a schedule for completing all pre-trial proceedings.

SO ORDERED.

## AMENDED MEMORANDUM AND ORDER

### On Motion to Reargue

Defendant Ranco seeks to reargue its motion for summary judgment denied by our Memorandum and Order of May 27, 1981 (at 135). The application for reargument is based primarily on the premise that we did not read the deposition testimony of various Ranco witnesses. The plain fact, however, is that nothing these witnesses may have said could warrant the granting of summary judgment.

When this case was first before us, Ranco persuaded us that: it had received, and ultimately decided not to recommend to its stockholders, an offer from Warner & Swasey; it had not believed this offer to portend a hostile tender offer on Warner & Swasey's part; it had accurately reflected these facts and belief in its July 12 and July 16 press releases; and that no one could rationally have concluded that either release foreshadowed a hostile tender offer.

Ranco espoused the same position before the Court of Appeals. Thus, with respect to the July 12 release, it observed (at page 13 of its brief):

"Both the July 12 letter [from Warner & Swasey] and Ranco's responsive press re-

lease plainly indicated that no hostile tender offer was anticipated by either party . . ."

With respect to the July 16 release it argued (at page 29):

"There was nothing to suggest that Ranco at any relevant time anticipated a hostile tender offer by Warner & Swasey in the event that the proposal made in the July 12 letter were to be rejected."

After remand from the Court of Appeals and completion of the directed limited discovery, Ranco shifted its position with respect to the July 16 release. In seeking to obviate the issue formulated by Judge Friendly as to whether or not the phraseology of that release had resulted from "inadvertence", Ranco took the position that the release had been *deliberately* phrased to allow for the possibility of a hostile tender offer.

On our initial consideration of Ranco's motion for summary judgment, we did not grasp the full significance of this new position, but treated the matter as though the issues remained those formulated by Judge Friendly in response to Ranco's original arguments. Actually, the change in position—in and of itself—precludes the granting of summary judgment. Once it is conceded—or asserted—that the July 16 release was deliberately phrased to take into account the possibility of a hostile tender offer, it inescapably becomes a question of fact whether the "Janus-faced" vehicle employed for such deliberate purpose constituted adequate compliance with Rule 10b–5, or whether it was "reckless"[1] to have failed to set forth all facts known to Ranco which caused it to alter the forecast expressed on July 12, to the end that the investing public (including these plaintiffs) might have made an informed decision as to the likelihood of a hostile tender offer.

**3.** At oral argument of the instant motion defendant Ranco took the position that even if the July 16 press release should be interpreted as predicting a hostile tender offer, defendant would be entitled to a directed verdict based on its claim of good faith. However, a directed verdict on this issue would not be appropriate on the evidence now before us.

**1.** A claim of recklessness is clearly available to plaintiffs under the complaint now before us. See the last sentence of Footnote 2 in Judge Friendly's Opinion (638 F.2d at 566).

The motion for reargument is accordingly denied.

SO ORDERED.